UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN P. LEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 15-957 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

## I. SUMMARY

On May 14, 2015, Kevin P. Lee ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; May 20, 2015, Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 22, 2010, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits alleging disability on January 1, 2007, due to chronic arthritis, Kohler disease, and inability to walk independently. (Administrative Record ("AR") 28, 201-02, 450). An Administrative Law Judge ("Prior ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on January 31, 2012 ("Pre-Remand Hearing"). (AR 48-95, 464-510).

On March 9, 2012, the Prior ALJ determined that plaintiff was not disabled through the date of the decision ("Pre-Remand Decision"). (AR 28-34). The Appeals Council denied plaintiff's application for review of the Pre-Remand Decision. (AR 1).

On November 26, 2013, this Court entered judgment reversing and remanding the case for further proceedings because the ALJ's determination at step four of the sequential evaluation process was not supported by substantial evidence and free of material error. (AR 538-46). The Appeals Council in turn remanded the case for a new hearing. (AR 534). On remand, a new Administrative Law Judge ("ALJ") held a hearing on November 4, 2014 ("Post-Remand Hearing"), during which the ALJ heard testimony from plaintiff and a different vocational expert. (AR 511-31).

///
///
///
///

On January 29, 2015, the ALJ determined that plaintiff was not disabled through the date of the decision ("Post-Remand Decision").[1] (AR 450-58). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: obesity, chronic arthritis, degenerative joint disease, congenital clubfoot status post right gastrocnemius lengthening and right foot triple arthrodesis with lateral column shortening with gastrocnemius contracture and mid-foot degenerative arthritis (AR 452); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 453); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[2] (AR 453); (4) plaintiff was unable to perform his past relevant work as a recycler (AR 456); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically election clerk, call out operator, and addresser (AR 457); and (6) plaintiff's allegations regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible (AR 456).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically

---

[1] The ALJ stated that the Pre-Remand Decision was incorporated by reference into, and thus supplemented by, the Post-Remand Decision. (AR 454).

[2] The ALJ determined that plaintiff: (i) could lift and/or carry 10 pounds frequently and occasionally; (ii) could push and/or pull within the same weight limitations; (iii) could stand and/or walk 2 hours out of 8 and sit 6 hours out of 8 provided normal breaks and the ability to elevate his right foot every 2 hours for 15 minutes and at lunch periods at hip level; (iv) was precluded from using foot pedals and from climbing ladders, ropes, or scaffolds; (v) could rarely (no more than 1/8th of a given 8 hour workday) climb more than a few stairs at a time; (vi) was precluded from kneeling or crawling, and precluded from working at unprotected heights or around dangerous unguarded moving machinery; (vii) was precluded from work requiring more than occasional crouching; and (viii) was limited to unskilled simple routine work secondary to pain. (AR 453).

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is required to use the following five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

///

1  Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
2  Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).
3       The claimant has the burden of proof at steps one through four, and the
4  Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262
5  F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch
6  v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of
7  proving disability).

     **B.**    **Standard of Review**

9       Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
10 benefits only if it is not supported by substantial evidence or if it is based on legal
11 error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
12 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
13 (9th Cir. 1995)). Federal courts may review only the reasoning in the
14 administrative decision itself, and may affirm a denial of benefits only for those
15 reasons upon which the ALJ actually relied. Garrison v. Colvin, 759 F.3d 995,
16 1010 (9th Cir. 2014) (citation omitted); see also Molina, 674 F.3d at 1121 (citing
17 Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196
18 (1947)) ("[courts] may not uphold an agency's decision on a ground not actually
19 relied on by the agency").
20      Substantial evidence is "such relevant evidence as a reasonable mind might
21 accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389,
22 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but
23 less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan,
24 911 F.2d 180, 183 (9th Cir. 1990)). To determine whether substantial evidence
25 supports a finding, a court must "'consider the record as a whole, weighing both
26 evidence that supports and evidence that detracts from the [Commissioner's]
27 conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)
28 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). A denial of benefits

must be upheld if the evidence could reasonably support either affirming or reversing the ALJ's decision. Robbins, 466 F.3d at 882 (a court may not substitute its judgment for that of the ALJ) (citing Flaten, 44 F.3d at 1457); see also Molina, 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.") (citation omitted).

Even when an ALJ's decision contains error, it must still be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014). An ALJ's error is harmless if (1) it was inconsequential to the ultimate nondisability determination; or (2) the ALJ's path may reasonably be discerned, even if the ALJ explains the ALJ's decision with less than ideal clarity. Id. (citation, quotation marks, and internal quotations marks omitted).

A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted); see also Marsh v. Colvin, 792 F.3d 1170, 1172 (9th Cir. 2015) (district court may not use harmless error analysis to affirm decision on ground not invoked by ALJ) (citation omitted). Where a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh, 792 F.3d at 1173; see also Treichler, 775 F.3d at 1099-1102 (where agency errs in reaching decision to deny benefits and error is not harmless, remand for additional investigation or explanation ordinarily appropriate).

## IV. DISCUSSION

Plaintiff contends that the ALJ inadequately evaluated the credibility of his subjective complaints. (Plaintiff's Motion at 11-22). As discussed below, the

///

Court concludes that the ALJ erred in evaluating plaintiff's credibility. As the Court cannot find the ALJ's error harmless, a remand is warranted.

### A. Plaintiff's Testimony

On October 12, 2011, plaintiff had surgery on his right foot essentially to treat problems related to Kholer Disease. (AR 357-59, 455, 515-16). At the Post-Remand Hearing, plaintiff testified, in pertinent part, that (i) the surgery on his right foot made his condition "worse"; (ii) plaintiff's right leg "is susceptible to a lot of edema almost every day or every other day, and on a "good day" he is able to wear a brace on his right foot to address the swelling; (iii) plaintiff was prescribed a cane for walking; (iv) plaintiff is in constant pain "24 hours a day"; and (v) "chronic arthritis," and pain prevent plaintiff from standing or walking "at most times." (AR 516-17, 523).

Plaintiff also testified that he needed to sit and elevate his right leg in order to prevent painful swelling. (AR 516, 521, 523). When asked how often he needed to elevate his leg since he had surgery, plaintiff testified:

> Pretty much during the day whenever I'm awake. I pretty much have to sit and elevate my leg. If I do any kind of moving, taking out the trash, [] any regular, you know, daily housework or anything like that, I start swelling up almost immediately. And so I pretty much have to have my foot up, you know, all the, all the time when I'm awake. You know, waking hours.

(AR 521). Plaintiff further testified that even prior to the failed foot surgery, he had significant pain, and also needed to elevate his foot but "just not as frequently[]" and "not on a constant basis" (*e.g.*, only after 20-30 minutes of activity). (AR 522-23).

### B. Pertinent Law

When a claimant provides "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged,"

and there is no affirmative finding of malingering, the ALJ may discount the credibility of the claimant's subjective complaints only by "providing specific, clear and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89 (citation and internal quotation marks omitted). This requirement is very difficult to meet. See Garrison, 759 F.3d at 1015 (citation and internal quotation marks omitted).

An ALJ's credibility determination must be specific enough to permit a reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's subjective complaints. Brown-Hunter, 806 F.3d at 493 (citation and quotation marks omitted). Consequently, an ALJ must identify the specific testimony he or she finds not credible, provide "clear and convincing reasons" why that particular testimony lacks credibility, and identify the specific evidence which undermines the claimant's subjective complaints. See id. at 489, 493-94 (citation omitted). "General findings are insufficient[.]" Id. at 493 (citations and quotation marks omitted). Nonetheless, if the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

### C.     Analysis

Here, based on a thorough review of both the Post-Remand Decision and the Pre-Remand Decision incorporated by reference therein, it appears that the ALJ found plaintiff "not entirely credible" solely because the alleged level of severity of plaintiff's subjective symptoms was not fully corroborated by objective medical findings in the record. (AR 32-33, 455-56). Even if true, however, the foregoing, in and of itself, is not a clear and convincing reason for discounting the credibility of plaintiff's pain testimony. See Burch, 400 F.3d at 681 (Lack of objective medical evidence to support subjective symptom allegations cannot form the sole basis for discounting pain testimony.).

To the extent the ALJ arguably discredited plaintiff due to "inconsistencies . . . between [the plaintiff's] testimony and his conduct," Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997), the record does not support such a finding. The ALJ wrote "[t]he record does not support the [plaintiff] having to elevate his feet at waist level all day nor is there any indication that the [plaintiff] is unable to ambulate independently." (AR 455). As support, the ALJ pointed to "progress notes dated October 20, 2010" (*i.e.*, before plaintiff underwent right foot surgery) which "show[ed] that the [plaintiff] was prescribed bilateral rocker bottom shoes" (AR 455) (citing Exhibit 6F [AR 288-332]), and evidence that during the consultative internal medicine examination (*i.e.*, after plaintiff's foot surgery) "[plaintiff] was observed to be able to walk without a cane for a short distance" (AR 456) (citing Exhibit 10F at 8 [AR 799]).

Such evidence, however, is not materially inconsistent with plaintiff's allegations of disabling pain. For example, nothing in the Post-Remand Hearing transcript reasonably reflects that plaintiff ever claimed that he was completely "unable to ambulate independently," as the ALJ appears to suggest. (AR 455-56). As discussed above, plaintiff essentially testified that post-surgery pain and other symptoms prevented plaintiff from standing or walking only "*most* times," that plaintiff was unable to do only "*regular* . . . housework," and that plaintiff's foot needed to be elevated "*pretty much* . . . all the time when [plaintiff was] awake." (AR 516, 521) (emphasis added). In addition, plaintiff testified that even prior to surgery, although he still had significant pain, plaintiff did not elevate his foot "as frequently[,]" and usually needed to do so only after about 20-30 minutes of activity (*e.g.*, "going for a walk, getting up to go to the bathroom"). (AR 523). Evidence that plaintiff was prescribed "bilateral rocker bottom shoes" does not reasonably suggest that plaintiff was more active than he alleged, especially in light of plaintiff's testimony that just prior to surgery his condition and pain had

///

9

actually gotten progressively worse despite plaintiff's use of the "corrective footwear" prescribed. (AR 522).

Even assuming that plaintiff retained the ability to carry on certain minimal activities of daily living (*i.e.*, "walk[ing] without a cane for a short distance"), the ALJ did not find, nor does the record reflect, that such activities "consume[d] a *substantial part* of [plaintiff's] day," and thus such evidence does not constitute a clear and convincing reason for discrediting plaintiff's subjective complaints. See Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) ("One does not need to be 'utterly incapacitated' in order to be disabled.") (emphasis in original; citation omitted). As defendant suggests, the ALJ might have been able to discount plaintiff's credibility on other grounds. (Defendant's Motion at 8-9). Since the ALJ did not do so in the administrative decision, however, this Court may not affirm the ALJ's non-disability determination based on the additional grounds proffered by the defendant. See Garrison, 759 F.3d at 1010 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.") (citation omitted).

Finally, the Court cannot conclude that the ALJ's errors were harmless. For example, at the Post-Remand Hearing, the vocational expert testified that there would be no work available if plaintiff (or a hypothetical individual with the same characteristics as plaintiff) "would need to elevate their [sic] right leg every hour for 15 minutes at hip level." (AR 527). In light of the significant functional limitations reflected in plaintiff's subjective symptom testimony, the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the [plaintiff's] testimony, could have reached a different disability determination." Stout, 454 F.3d at 1055-56.

///
///
///

## V. CONCLUSION[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 31, 2016

                                                    /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE

---

[3] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[4] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).